UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>REAL PROPERTY LOCATED IN LONDON, UNITED KINGDOM TITLED IN THE NAME OF RED MOUNTAIN GLOBAL LTD.,<br><br>　　　　Defendant. | No. 19-CV-01326-DSF (PLAx)<br><br>**CONSENT JUDGMENT OF FORFEITURE**<br><br>**[This Consent Judgment is case-dispositive]** |

**I.　INTRODUCTION**

　　1.　Plaintiff United States of America ("United States" or "the government") and Red Mountain Global Limited ("Claimant") (collectively, the "Parties"), have made a stipulated request for the entry of this Consent Judgment (the "Stipulation"), which is dispositive of this action.

　　2.　Similar (and related) stipulations were filed by the government and respective claimants in the following related actions (collectively, the "Other Actions"):

1. *United States v. Real Property Located in New York, New York*, No 17-cv-04444-DSF-PLA (C.D. Cal.). The claimant in this action is Cricklewood One Madison LLC.
2. *United States v. All Funds and Assets, Including Securities and Investments, on Deposit in Falcon Private Bank Limited Account Numbers '6001 and '1001*, No 20-cv-05914-DSF-PLA (C.D. Cal.). The claimant in this action is River Dee International SA.

3. Nothing in the Stipulation or this Consent Judgment is intended to be or should be interpreted as an admission of fault, wrongdoing, liability, or guilt on the part of the Claimant or "Jasmine" Loo Ai Swan ("Loo"), nor shall this Consent Judgment or the Parties' underlying Stipulation be admissible against Ms. Loo, the Claimant, or any of the claimants in the Other Actions in any proceeding as evidence of any of the allegations set out in the operative complaints in this case or the Other Actions. The U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, shall be bound by the terms of this Consent Judgment and the doctrines of res judicata and collateral estoppel. The entry of this Consent Judgment shall resolve all of the government's civil, criminal, and administrative asset forfeiture actions or proceedings relating to the defendant asset ("Defendant Asset") in this and the Other Actions. Nothing in the Stipulation or this Consent Judgment constitutes a waiver or release by the government of criminal claims, except for the asset forfeiture claims related to the Defendant Asset.

4. This action was commenced on February 22, 2019 against the Defendant Asset.

**II. FINDINGS**

The Court, having considered the Stipulation of the Parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

**Jurisdiction**

5. For purposes of this Consent Judgment, this Court has jurisdiction over the Parties and this action. The government gave notice of the action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court. Claimant filed a timely claim for the Defendant Asset. No other claims were filed, and the time for filing claims has expired. Entry of this Consent Judgment will resolve all claims of Claimant and potential claimants with respect to the Defendant Asset and is dispositive of this action. If assumed to be true, the allegations set out in the operative complaint are sufficient to establish a basis for forfeiture of the Defendant Asset. However, nothing contained in this Consent Judgment or the underlying Stipulation is intended or should be interpreted to constitute an admission of fault, guilt, liability and/or any form of wrongdoing by Claimant. Notwithstanding any other provision of the Stipulation or this Consent Judgment, the forfeiture of the Defendant Asset does not constitute a fine, penalty, or punitive damages. All potential claimants to the Defendant Asset, other than Claimant, are deemed to have admitted the allegations of the Complaint for purposes of this action only.

**Terms**

6. Upon entry of this Consent Judgment, all right, title and interest of Claimant and any potential claimant in and to the Defendant Asset, including all appurtenances, improvements, and attachments thereon, as well as all leases, rents, and profits derived therefrom, shall be forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Consent Judgment. Prior to entry of this Consent Judgment, Claimant agrees to apply any rent proceeds and operating account sums ("Monetary Proceeds") associated with the Defendant Asset toward outstanding property taxes, insurance, operating expenses, common charges, and property management fees on the Defendant Asset. Should there be any residual Monetary Proceeds after full satisfaction of the taxes and liability described in this paragraph, such residual Monetary Proceeds shall be paid -- and deemed forfeited -- to the government; such payment shall be made no later than 30 days after the sale of the Defendant Asset. For the avoidance of doubt, Claimant shall not be liable for the payment of any taxes and other liabilities on the Defendant Asset that exceed the Monetary Proceeds. Claimant shall execute the Form TR1 transfer deed in the form annexed to the Stipulation at Attachment A to pass title of the Defendant Asset to the United States and will provide any necessary cooperation required to effect registration of the transfer of the title in the Defendant Asset at the United Kingdom's HM Land Registry.

7. The government shall dispose of the Defendant Asset according to law. The proceeds of any sale of the Defendant Asset shall be distributed as follows:

a. First, payment of any outstanding real property taxes, insurance, operating expenses, common charges, property management fees, and company administration fees ("Company Administration Fees," including without limitation fees for registered agents, trust administration, corporate services, government registration, licensing, and any fees arising under the laws or regulations of the applicable jurisdiction or jurisdictions) associated with the Defendant Asset. The total payment by the United States for any Company Administration Fees in this action and the Other Actions shall not exceed $12,000 in the aggregate;

b. Second, payment of all costs of escrow and sale, including real estate sales commissions, closing attorney fees, and any applicable fees or expenses associated with, triggered by, or necessary for the title transfer or sale of the Defendant Asset, and any reasonable credits against the sale price requested by the buyer(s) and agreed to by the Parties;

c. Third, payment to any secured lienholders, whose security interests were recorded prior to the filing of the government's forfeiture complaint on the Defendant Asset.

d. Fourth, to the extent funds remain (the "net proceeds"), such net proceeds shall be forfeited to the United States of America subject to the terms of this Consent Judgment including the payment of the Released Funds.

8. It is the present intention of the Parties that the Defendant Asset and the defendant assets in the Other Actions (or the net proceeds of their disposition) shall, if appropriate and authorized by law, be used for the benefit of the people of Malaysia, consistent with the government's prior practice in related cases.  The forfeiture of the Defendant Asset and the defendant assets in the Other Actions cannot be applied to satisfy any liability owed by Claimant not identified in this Consent Judgment.

**Released Funds**

9. The government shall release the total sum of USD $200,000.00, without interest (the "Released Funds"), as described below.

10. The Released Funds shall be paid to one or more account(s) as directed by Sher Tremonte LLP ("Sher Tremonte"), who shall provide all information required to facilitate the payment, including personal identification information required by federal law or regulation, and complete all required documents.  The payment of the Released Funds shall be made to Sher Tremonte no later than 30 days after the sales of the Defendant Asset or the defendant asset in *United States v. Real Property Located in New York, New York*, No 17-cv-04444-DSF-PLA (C.D. Cal.), whichever occurs later.  The Released Funds shall be drawn from a portion of the net sale proceeds received by the United States Marshals Service in connection with the Defendant Asset in this action or the defendant asset in *United States v. Real Property Located in New York, New York*, No 17-cv-04444-DSF-PLA (C.D. Cal.).

11. The government shall not now or in the future institute any action against Sher Tremonte, or seek the seizure, freezing, return,

forfeiture, or restraint of any kind of any of the Released Funds, or any interest earned on the Released Funds, for any acts or omissions relating to the Released Funds preceding the date of its receipt of the Released Funds.

**Other Terms**

12. Claimant shall not contest or assist any other individual or entity in contesting the forfeiture -- administrative, civil judicial or criminal judicial -- of the Defendant Asset.

13. The government may request production of documents and/or information relating to the Defendant Asset for purposes of management and liquidation, and the Claimant shall make good faith efforts to produce any such documents and/or information in its possession, or otherwise request that third parties in possession of such documents and/or information make them readily available for the government's receipt.

14. Should any dispute arise about the interpretation of or compliance with the terms of the Stipulation or this Consent Judgment, the Parties shall attempt in good faith to resolve any such disputes. However, should the Parties be unable to resolve a dispute, either Party may move the Court to resolve the dispute and to impose any remedy this Court deems necessary to enforce the terms of this Consent Judgment.

/ / /

/ / /

15. Except as otherwise provided in this Consent Judgment, each of the Parties shall bear its own fees and costs in connection with the seizure, retention, and forfeiture of the Defendant Asset.

IT IS SO ORDERED.

DATED: June 30, 2021

_____
HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE